UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD WAYNE HEROD,

    Petitioner,

v.

CEDRIC WASHINGTON, Senior Warden,[1]

    Respondent.

Case No. 25-cv-00879-DMR (PR)

**ORDER OF TRANSFER**

On January 27, 2025, Donald Wayne Herod, an inmate who is currently incarcerated at the Richard P. LeBlanc Unit ("LeBlanc Unit") in Beaumont, Texas (operated by the Texas Department of Criminal Justice), filed this *pro se* civil action, which was opened as a habeas corpus action. Dkt. 1. Petitioner filed his claims on a form for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See id.*

On the same date, petitioner filed his *in forma pauperis* ("IFP") application. *See* Dkt. 2. However, he did not file copies of his Certificate of Funds and prisoner trust account statement. *Id.* The Clerk of the Court sent a notification to petitioner informing him that his action could not go forward until he either paid the fee or filed the aforementioned documents in support of his IFP application within twenty-eight days. *See* Dkt. 3. To date, petitioner has neither paid the filing fee, filed the requisite documents, nor communicated with the court.

In his petition, petitioner states that he was convicted of Driving While Intoxicated in the "339th District Court," which is a criminal district court in Harris County, Texas. Dkt. 1 at 1-2. He claims to be serving a sentence of "50 years." *Id.* at 1. Under "Claim One" in the "Grounds

---

[1] Cedric Washington, the current senior warden of the prison where petitioner is incarcerated, has been substituted as respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

for Relief" section, petitioner states as follows: "I was taken by a peace officer to another jurisdiction." *Id.* at 5. Petitioner does not further elaborate on his claim. *Id.* Nor does he include any other claims. *Id.* Thus, it seems that aside from possibly challenging his conviction, he also seems to be complaining of events and omissions that occurred at the prison in which he is currently incarcerated.

A petition for a writ of habeas corpus filed by a state prisoner in a state that contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). The district court where the petition is filed, however, may transfer the petition to the other district in the furtherance of justice. *See id*.

Here, the petition alleges that petitioner was convicted in District 339 in Harris County, which is within the venue of the Houston Division of the Southern District of Texas. *See* 28 U.S.C. § 124(b)(2). Meanwhile, the court notes that the LeBlanc Unit is located in Jefferson County, which is within the venue of the Beaumont Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(2). Any respondent that works at that prison would apparently reside in that district. No named respondent is alleged to reside in, and none of the events or omissions giving rise to petitioner's claims occurred in the Northern District of California. Venue therefore would be proper in the District of Texas, and not in this one. *See* 28 U.S.C. §§ 85, 1391(b).

As mentioned above, venue for a habeas action is proper in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). Because petitioner filed a habeas petition indicating that he was convicted in District 339 in Harris County, the court will transfer the petition to the district of conviction. *See id*. Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action is TRANSFERRED to the Houston Division of the United States District Court for the Southern District of Texas.[2]

In view of the transfer, the court will not determine whether to construe the instant petition as a habeas petition or as a civil rights complaint pursuant to 42 U.S.C. § 1983. The Clerk shall transfer the case forthwith. All remaining motions are TERMINATED on this court's docket as

---

[2] Venue transfer is a non-dispositive matter and, thus, it falls within the scope of the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).

1  no longer pending in this district.  If petitioner wishes to further pursue this action, he must
2  complete the IFP application required by the Houston Division of the United States District Court
3  for the Southern District of Texas and mail it to that district.
4       This Order terminates Docket No. 2.
5       IT IS SO ORDERED.

Dated:  February 24, 2025

DONNA M. RYU
Chief Magistrate Judge